SUMMARY ORDER

Petitioner Rong Lin Chen, a native and citizen of China, seeks review of a January 25, 2008 order of the BIA affirming the March 22, 2006 decision of Immigration Judge (“IJ”) Barbara A. Nelson denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Rong Lin Chen, No. A 77 000 183 (B.I.A. Jan. 25, 2008), aff'g No. A 77 000 183 (Immig. Ct. N.Y. City Mar. 22, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. Passi v. Mukasey, 535 F.3d 98, 101 (2d Cir.2008).
Because Chen fails to raise in his brief before this Court any challenge to the denial of his application for asylum and withholding of removal, we deem any such claims waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Before this Court, Chen argues that the IJ applied the improper standard in denying CAT relief because the IJ relied, in part, on his failure to establish past persecution and the discretionary determination that he did not have “clean hands.” Chen’s argument misconstrues the IJ’s decision. The IJ’s findings regarding past persecution and “clean hands” were plainly made to support the IJ’s denial of asylum. The IJ separately evaluated Chen’s application for CAT re *474 lief, relying on neither of those findings as support for her denial of that relief.
Additionally, Chen argues that the record does not contain “a remote reference” supporting the IJ’s findings that: (1) the background evidence indicated that China’s official policy towards individuals who departed China illegally is to treat them as victims and not punish them when they are returned; and (2) such individuals are detained upon return to China only for health and identity checks. Contrary to Chen’s argument, the INS Resource Information Center report in the record contains direct support for the IJ’s findings. Accordingly, the IJ did not err in finding that Chen failed to establish that he would more likely than not be tortured where he presented only general evidence indicating that illegal emigrants returned to China are subject to administrative detention and failed to submit any particularized evidence that he would likely be tortured. See Mu Xiang Lin v. U.S. Dep’t of Justice, 432 F.3d 156, 159-60 (2d Cir.2005) (finding insufficient to support a CAT claim State Department reports and letters from family members indicating that Chinese returnees may be detained and that some Chinese prisoners have been tortured without particularized evidence indicating that the petitioner would be tortured); see also Mu-Xing Wang v. Ashcroft, 320 F.3d 130, 143-14 (2d Cir.2003).
For the foregoing reasons, the petition for review is DENIED.